REDMANN, Judge.
On defendant driver’s motion at the close of plaintiff’s evidence, on the ground that plaintiff driver “executed an improper turn and . . . was negligent,” the trial judge dismissed this suit for property damages from being rearended by defendant. The judge reasoned that plaintiff did not prove any of the specifications of negligence alleged in the petition.
We reverse. The principal factual allegation in the petition is that defendant driver rearended plaintiff as plaintiff was making a previously-signalled turn into a bank parking lot (and had to stop for an exiting car). The hackneyed phrases that lawyers sometimes place in petitions to categorize the defendant’s negligence are often superfluous, and typically conclusory rather than factual. If one could say that plaintiff’s testimony of the rearending (coupled with defendant’s admission he was the rearend-ing driver) did not prove defendant’s failure to keep his vehicle under control, failure to keep a proper lookout, or even the slightly vague but pertinent “failing to apply his brakes in time,” at least the testimony shows the rearending that was alleged in the petition.
Reversed; remanded.